KAB

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mario Alejandro Zepeda,

Plaintiff,

v.

Paul Penzone, et al.,

Defendants.

No. CV 23-02273-PHX-ROS

**ORDER**

Plaintiff Mario Alejandro Zepeda, who is confined in the Arizona State Prison Complex-Lewis, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 15.) Pending before the Court are: Defendant Gregorlo's Motion for Summary Judgment (Doc. 71) and the Magistrate Judge's Report and Recommendation (Doc. 84) recommending that this action be dismissed for failure to prosecute.

## I. Background

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment medical care claim against Defendant Gregorlo in Count Two. (Doc. 17.)

Defendant Gregorlo moved for summary judgment, and despite the Court's *Rand* Order (Doc. 75), Plaintiff did not file a response. Due to problems with Plaintiff's mail being returned, the Magistrate Judge ordered Defendant to inquire as to Plaintiff's address and whether he could receive mail. (*See* Doc. 80.) After confirming that Plaintiff could receive mail at an address provided by Defendant, the Magistrate Judge ordered Plaintiff

to show cause why this action should not be dismissed for failure to prosecute. (Doc. 80.) Plaintiff did not respond to the Order to Show Cause and the Magistrate Judge issued a Report and Recommendation recommending that this action be dismissed without prejudice for failure to prosecute. (Doc. 84.)

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, parties may file objections to a magistrate judge order within fourteen days after being served with a copy of the order. The Court must then consider these objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *accord Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna–Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [magistrate judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the [R & R] to which objection is made."). Neither Party objected to the R&R. Accordingly, the R&R will be adopted. This action will be dismissed for failure to prosecute and the Motion for Summary Judgment will be denied as moot.

**IT IS ORDERED:**

(1) The Magistrate Judge's Report and Recommendation (Doc. 84) is **ACCEPTED AND ADOPTED**.

(2) This action is **dismissed without prejudice** for failure to prosecute. The Clerk of the Court **must enter** Judgment accordingly.

(3) Defendant's Motion for Summary Judgment (Doc. 71) is **denied as moot**.

Dated this 4th day of September, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge